# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| ONE BEIGE SAMSUNG PHONE ASSIGNED NUMBER (916) 612-3162, CURRENTLY LOCATED AT THE FBI SACRAMENTO FIELD OFFICE AT 2001 FREEDOM WAY, ROSEVILLE CA ) ) ) ) ) | Case No. 2:25-sw-0830-CSK |

**FILED**
Sep 26, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 47 U.S.C. § 333; | Interference with a radio communication station; |
| 18 U.S.C. § 922(q)(3)(A); | Discharge of a firearm within a school zone; |
| 18 U.S.C. § 922(q)(2)(A) | Possession of a firearm within a school zone |

The application is based on these facts:
**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Kyle Roberts, FBI Task Force Officer
*Printed name and title*

Sworn to me and signed telephonically.

Date: September 26, 2025

*Judge's signature*

City and state: Sacramento, California

Chi Soo Kim, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
United States Attorney
ELLIOT C. WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>ONE BEIGE SAMSUNG PHONE ASSIGNED NUMBER (916) 612-3162, CURRENTLY LOCATED AT THE FBI SACRAMENTO FIELD OFFICE AT 2001 FREEDOM WAY, ROSEVILLE CA | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF SEARCH WARRANT |

I, Task Force Officer Kyle C. Roberts, being duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.  I am a Detective/Task Force Officer with the Sacramento Police Department and have been since May 13, 2024. I am currently assigned to the FBI Joint Terrorism Task Force. As a deputized federal agent, I am authorized to investigate violations of laws of the United States issued under the authority of the United States. My investigative responsibilities include ideological violent crime.

2.  In July of 2014, I attended the Sacramento Police Academy and graduated in December of 2014. This academy was certified by the California Commission on Peace Officer Standards and Training (POST). During this approximately six (6) month long academy, I received basic instruction in all aspects of policing which included but was not limited to: investigation, interviewing, criminal law, arrest procedures, firearms, arrest control, and police tactics. I also received twenty (20) hours of training from experienced narcotics investigators regarding the identification of illegal narcotics,

AFFIDAVIT                                                                 1

1  including but not limited to: methamphetamine, cocaine hydrochloride, cocaine base/rock cocaine,
2  heroin, and marijuana.  These experienced narcotic investigators discussed, demonstrated, and lectured
3  how these drugs were used, transported, packaged for sale, and sold.

4        3.      Since December of 2014 to present, I have conducted, as well as participated in, no less
5  than one hundred (100) preliminary criminal investigations, including but not limited to: homicide,
6  rape, robbery, burglary, assault, fraud, larceny, traffic offenses, and various narcotic related offenses.
7  During these investigations, I conducted interviews with victims, witnesses, and suspects and have
8  made numerous arrests as a result.

9        4.      I am submitting this affidavit in support of an application to search a cellular telephone
10 found on Anibal HERNANDEZ SANTANA's person specified in Attachment B hereto, which is a
11 beige Samsung smartphone, currently in the possession of FBI Sacramento ("TARGET CELL
12 PHONE").  There is probable cause to search the TARGET CELL PHONE, as it constitutes the
13 instrumentalities, fruits, and evidence of violations of 47 U.S.C. § 333 – interference with a radio
14 communication station, 18 U.S.C. § 922(q)(3)(A) – discharge of a firearm within a school zone, and 18
15 U.S.C. § 922(q)(2)(A) – possession of a firearm within a school zone as more fully detailed herein.

16       5.      The statements contained in this affidavit are based in part on: information provided by
17 other agencies; written reports about this and other investigations that I have received, directly or
18 indirectly, from other law enforcement agents; independent investigation; and my experience, training,
19 and background as a Task Force Officer with the FBI.  Because this affidavit is being submitted for the
20 limited purpose of establishing probable cause to search the TARGET CELL PHONE, I have not
21 included every detail of the investigation.  In addition, unless otherwise indicated, all statements
22 contained in this affidavit are summarized in substance and in part.

23       6.      As will be shown below, there is probable cause to believe that evidence of violations of
24 47 U.S.C. § 333, 18 U.S.C. § 922(q)(3)(A), and 18 U.S.C. § 922(q)(2)(A), as more specified in
25 Attachment B, will be found in the beige Samsung cell phone belonging to HERNANDEZ SANTANA
26 that is currently in the possession of FBI Sacramento.

27 / / /
28 / / /

**PROBABLE CAUSE**

7. KXTV, LLC, which operates as ABC 10 and ABC 10 News ("KXTV/ABC 10"), is a television station in Sacramento, within the State and Eastern District of California. KXTV/ABC 10 is a radio station as defined under 47 U.S.C. § 153(42), in that it is a station engaged in broadcasting signals for images and sounds utilizing radio waves. KXTV/ABC 10 holds a federal television broadcast license from the Federal Communications Commission.

8. KXTV/ABC 10 owns and operates facilities located at 400 Broadway Street in Sacramento. KXTV/ABC 10 is the sole occupant of those premises, which house its main studios. The exterior of the building is marked with signage that states "KXTV" and "ABC 10."

9. On Sept. 19, 2025, at approximately 1334 hours, the Sacramento Police Department responded to the KXTV/ABC 10 station, located at 400 Broadway Street, regarding a shooting into an inhabited dwelling. The north window of the building was struck by gunfire. Video surveillance of the shooting suspect showed him wearing a gray t-shirt, dark colored pants, gray and white shoes, and a dark colored satchel worn around his torso.

10. The shooting interfered with the KXTV/ABC 10's radio communications. This interference included, but was not limited to, employee(s) on premises sheltered in place and the cancellation of a planned news conference.

11. Officers on scene contacted a witness who provided officers with a spent casing (9mm). A second witness provided a suspect vehicle description. Through video surveillance, police observation devices, and license plate readers, Sacramento Police Detectives were able to identify the suspect vehicle as a white Nissan Kicks SUV (CA LIC# BORI78). A DMV records check showed the vehicle was registered to HERNANDEZ SANTANA, at 5483 Carlson Drive Apartment 22, Sacramento. A WebKPF query of HERNANDEZ SANTANA indicated that he was a male adult, DOB 01/11/1961, 5 feet 5 inches tall, 148 pounds, black hair, brown eyes, and a Sacramento Xref number of 3702279. In a Cal-photo query, HERNANDEZ SANTANA appeared to look similar to the suspect.

12. Officers located three holes in a north window of the lobby at 400 Broadway consistent with bullet damage. The building was occupied at the time of the shooting. Crime Scene Investigators were able to recover a spent projectile from a doorway in the building's lobby.

1  13.  That evening, Sacramento Police Detectives located HERNANDEZ SANTANA and detained him as he exited his residence, 5483 Carlson Drive Apartment 22 in Sacramento. Judge Benjamin Galloway of the Sacramento County Superior Court issued a search warrant for HERNANDEZ SANTANA, his residence, and the Nissan (CA LIC# BORI78). During the search of HERNANDEZ SANTANA's home, detectives located a dark colored satchel that appeared consistent with the satchel that was worn by the suspect as previously observed on video surveillance. Inside the satchel, detectives located a Sub Compact 9mm handgun. This is the same caliber as the bullet and casing that were recovered from scene of the shooting. The handgun was inside a holster with an empty magazine. Detectives conducted a gunshot residue (GSR) test on HERNANDEZ SANTANA's hands which tested presumptive positive. Additionally, detectives located a whiteboard planner attached to HERNANDEZ SANTANA's refrigerator. The planner displayed days of the week. Under "Friday," detectives observed a handwritten note that stated, "Do the Next Scary Thing." Based on the aforementioned information, HERNANDEZ SANTANA was arrested and booked into Sacramento County Main Jail.

14.  The next day, at approximately 1350 hours, HERNANDEZ SANTANA posted bail and was released from custody.

15.  Law enforcement executed the search of searched HERNANDEZ SANTANA's vehicle after his release on Sept. 20, 2025. During the search of the vehicle, detectives located a handwritten note that read, "For hiding Epstein & ignoring red flags. Do not support Patel, Bongino, & AG Pam Bondi. They're next. – C.K. from above."

16.  The FBI conducted a probable cause arrest of HERNANDEZ SANTANA later that evening.

**ADDITIONAL PROBABLE CAUSE TO SUPPORT 18 U.S.C. § 922(Q) CHARGES**

17.  Approximately two minutes before firing three rounds in front of KXTV/ABC 10 station, HERNANDEZ SANTANA fired a single round while standing on the public sidewalk in front of 2555 3rd street, which is located adjacent to the rear parking lot and approximately 300 feet to the southwest corner KXTV/ABC 10 station. Detectives were able to positively identify HERNANDEZ SANTANA as the suspect who fired the round.

18.  Health Professions High School (451 McClatchy Way) is a public high school within the

AFFIDAVIT                                           4

Sacramento City Unified School District and provides secondary education under California state law. Leataata Floyd Elementary School (401 McClatchy Way) is a public elementary school within the Sacramento City Unified School District and provides primary education under California state law.

19. On September 21, 2025, investigators from FBI Sacramento Joint Terrorism Task Force utilized a stroll meter to determine that the initial shot in front of 2555 3rd Street was fired approximately 834 feet from the fence line of Health Professions High School. Additionally, Leataata Floyd Elementary School is located to the west and immediately adjacent to Health Professions High School. Investigators were unable to stroll meter the distance from area of the shooting to the fence line of Leataata Floyd Elementary School due to terrain difficulties. However, utilizing the measure tool on google maps, investigators estimated the distance from
where HERNANDEZ SANTANA fired the initial round to the fence line of Leataata Floyd Elementary School to be approximately 845 feet.

20. On September 21, 2025, investigators from FBI Sacramento Joint Terrorism Task Force canvassed the area of 2555 3rd Street, Sacramento, CA. In addition to the two schools noted above, investigators observed several school zone signs and a building that housed district operations for Sacramento City Unified School District. Pertinently, investigators saw a school zone sign near the intersection of 5th Street and Lug Lane, which was visible along HERNANDEZ SANTANA's estimated path of travel before the shootings. Additionally, along HERNANDEZ SANTANA's estimated path of travel was the district operations office for the Sacramento City Unified School District, located at 425 1st Avenue. Investigators observed multiple placards and signs indicating school district facilities, including a 5-sided placard stating, "Tobacco Free School District."

21. Additionally, Sacramento Police Department Detectives learned from both an interview of HERNANDEZ SANTANA's estranged wife and from a California DMV records query, that HERNANDEZ SANTANA had lived at 1513 Claudia Drive in Sacramento for several years and continues to frequent that area. This is approximately 4.5 miles or 9 minutes' drive time from the location of Leataata Floyd Elementary School and Health Professions High School. Due to HERNANDEZ SANTANA's documented familiarity with the area and signage along his estimated route of travel, there is probable cause to believe that HERNANDEZ SANTANA was aware of the locations for both schools.

**THE TARGET CELL PHONE**

22. At the time of his arrest on September 19, 2025, HERNANDEZ SANTANA had the TARGET CELL PHONE in his hands. The Sacramento Police Department seized the TARGET CELL PHONE and entered it into evidence.

23. On September 23, 2025, at approximately 1239 hours, with permission from the Sacramento Police Department, TFO Roberts received the TARGET CELL PHONE from Sacramento Police Detectives. The TARGET CELL PHONE was later entered into evidence at FBI Sacramento.

**CELLULAR PHONES, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS**

*24.* As described in Attachment B, this application seeks permission to search for items in data in a cellular telephone. The warrant applied for would authorize the seizure of electronic storage media, electronically stored information from that storage media, and potentially, the copying of electronically stored information from that storage media, all under Rule 41(e)(2)(B).

25. *Forensic Evidence.* As further described in Attachment B, this application seeks permission to locate not only files that might serve as direct evidence of the crimes described in the warrant, but also for forensic electronic evidence that establishes how the phone was used, the purpose of its use, who used it, when it was used, and/or where it was used.

26. Information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of criminal conduct under investigation, thus enabling the United States to establish and prove each element, or alternatively, to exclude the innocent from further suspicion. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer

AFFIDAVIT 6

may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information that can indicate when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

27. The process of identifying the exact files, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

28. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

29. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying the phone and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer assisted scans of the entire medium, that might expose many parts of the internal memory to human inspection in order to determine whether it is evidence described by the warrant. The authorization of this examination extends to any agency or party

AFFIDAVIT    7

working at the direction or request of the FBI, regardless of the jurisdiction or physical location of the agency or party.

## CONCLUSION

30. Based on the facts set forth above, I have probable cause to believe that evidence of violations of 47 U.S.C. § 333, 18 U.S.C. § 922(q)(3)(A), and 18 U.S.C. § 922(q)(2)(A), further described in Attachment B, will be found on the TARGET CELL PHONE, which is currently in the possession of FBI Sacramento. I, therefore, respectfully request the issuance of a search warrant.

Respectfully submitted,

/s/

Kyle C. Roberts
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me over the
telephone pursuant to Fed. R. Crim. P. 4.1 and 4(d) on:   September 26, 2025

Hon. Chi Soo Kim
U.S. MAGISTRATE JUDGE

*/s/ Elliot C. Wong*
Approved as to form by AUSA Elliot C. Wong

# ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

A Beige Samsung cell phone with number (916) 612-3162, which the Sacramento Police Department seized from Anibal HERNANDEZ SANTANA's person during his arrest on September 19, 2025, which is currently in the custody of FBI Sacramento, 2001 Freedom Way, Roseville, CA 95678.

# ATTACHMENT B

# ITEMS TO BE SEARCHED FOR AND SEIZED

1. The items to be searched for and seized are evidence, contraband, fruits, or instrumentalities of violations of 47 U.S.C. § 333, 18 U.S.C. § 922(q)(3)(A), and 18 U.S.C. § 922(q)(2)(A) (collectively, the "subject offenses"), those offenses involving Anibal HERNANDEZ SANTANA occurring in or after ~~January 1, 2025~~, namely:
June 15, 2025 (KR)

   a. Records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia evidencing the possession or use of firearms or ammunition by HERNANDEZ SANTANA.

   b. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to KXTV/ABC 10.

   c. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to schools and school zones.

   d. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on servers and associated with the mobile telephone, including:
      i. Incoming call history;
      ii. Outgoing call history;
      iii. Missed call history;
      iv. Outgoing text messages;
      v. Incoming text messages;
      vi. Draft text messages;
      vii. Telephone book;
      viii. Data screen or file identifying the telephone number associated with the mobile telephone searched;
      ix. Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
      x. Voicemail;
      xi. User-entered messages (such as to-do lists); and
      xii. Stored media such as photographs, video, and audio recordings.

   e. Any passwords used to access the electronic data described above;

   f. Evidence indicating who, how, when and where the cellular telephone was accessed or used, to determine the geographic and chronological context of cellular telephone

      access, use, and events relating to the crimes under investigation and to the cellular telephone user; and

g. Evidence indicating the cellular telephone user's state of mind as it relates to the crimes under investigation.

h. All internet history for the dates above, including cookies, bookmarks, web history, search terms.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate contraband, evidence, and instrumentalities of the crimes described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT B

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>ONE BEIGE SAMSUNG PHONE ASSIGNED NUMBER (916) 612-3162, CURRENTLY LOCATED AT THE FBI SACRAMENTO FIELD OFFICE AT 2001 FREEDOM WAY, ROSEVILLE CA | Case No.   2:25-sw-0830-CSK |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before   October 10, 2025   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   September 26, 2025 at 4:58 p.m.                                   */s/ Chi Soo Kim*
                                                                                                    *Judge's signature*

City and state:   Sacramento, California                                   Chi Soo Kim, U.S. Magistrate Judge
                                                                                    *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____   _____
Signature of Judge                                                                   Date

## **ATTACHMENT A**

## **DESCRIPTION OF ITEM TO BE SEARCHED**

A Beige Samsung cell phone with number (916) 612-3162, which the Sacramento Police Department seized from Anibal HERNANDEZ SANTANA's person during his arrest on September 19, 2025, which is currently in the custody of FBI Sacramento, 2001 Freedom Way, Roseville, CA 95678.

# ATTACHMENT B

# ITEMS TO BE SEARCHED FOR AND SEIZED

1. The items to be searched for and seized are evidence, contraband, fruits, or instrumentalities of violations of 47 U.S.C. § 333, 18 U.S.C. § 922(q)(3)(A), and 18 U.S.C. § 922(q)(2)(A) (collectively, the "subject offenses"), those offenses involving Anibal HERNANDEZ SANTANA occurring in or after ~~January 1, 2025~~ June 15, 2025 (KR), namely:

    a. Records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia evidencing the possession or use of firearms or ammunition by HERNANDEZ SANTANA.

    b. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to KXTV/ABC 10.

    c. All records, information, documents, photographs, video recordings, audio recordings, communications, items, materials, and other indicia pertaining to schools and school zones.

    d. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the mobile telephone or on servers and associated with the mobile telephone, including:
        i. Incoming call history;
        ii. Outgoing call history;
        iii. Missed call history;
        iv. Outgoing text messages;
        v. Incoming text messages;
        vi. Draft text messages;
        vii. Telephone book;
        viii. Data screen or file identifying the telephone number associated with the mobile telephone searched;
        ix. Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
        x. Voicemail;
        xi. User-entered messages (such as to-do lists); and
        xii. Stored media such as photographs, video, and audio recordings.

    e. Any passwords used to access the electronic data described above;

    f. Evidence indicating who, how, when and where the cellular telephone was accessed or used, to determine the geographic and chronological context of cellular telephone

      access, use, and events relating to the crimes under investigation and to the cellular telephone user; and

g. Evidence indicating the cellular telephone user's state of mind as it relates to the crimes under investigation.

h. All internet history for the dates above, including cookies, bookmarks, web history, search terms.

      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

      This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate contraband, evidence, and instrumentalities of the crimes described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT B